IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOSES TAYLOR FOUNDATION o/b/a: MOSES TAYLOR HOSPITAL, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> COVERYS and PROSELECT INSURANCE COMPANY, : <br> : <br> Defendants. : | Civil No. 3:20-CV-00990 <br><br><br><br><br><br><br><br><br><br><br> Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 3.) This action was brought by Plaintiff, Moses Taylor Foundation on behalf of Moses Taylor Hospital ("Moses Taylor"), to recover damages for the alleged breach of contract by Defendants, Coverys and Proselect Insurance Company[1] ("Coverys") for failure to negotiate a desirable settlement in a previous law suit (the "underlying suit"). (Doc. 1-4, ¶¶ 1–5, 13–39.) Coverys has moved to dismiss all three counts in Moses Taylor's complaint, including the claims for breach of contract, bad faith, and vicarious liability. (Doc. 3.) The court finds that Moses Taylor has only pled speculative damages and that the claims for bad faith and vicarious liability require a predicate

---

[1] Moses Taylor named Coverys and Proselect as separate entities; however, in their motion to dismiss, Defendants clarify that Coverys is not an independent entity, but rather is a trade name used by Proselect with respect to certain lines of insurance. (Doc. 3-1, p. 7.)

1

cause of action. Therefore, the court will grant the motion to dismiss the complaint without prejudice to Moses Taylor filing an amended complaint.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to its complaint, Moses Taylor Hospital is a hospital in Lackawanna County, Pennsylvania and the Moses Taylor Foundation is a not-for-profit corporation with the authority to represent Moses Taylor Hospital. (Doc. 1-4, ¶ 1.) Defendant Coverys is a medical professional liability insurance provider. (*Id.* ¶ 2.) Proselect Insurance Company is an underwriting company for Coverys which supplies insurance protection to healthcare facilities. (*Id.* ¶ 3.) Moses Taylor maintained a medical professional liability insurance policy with Coverys. (*Id.* ¶ 5.)

On August 29, 2017, the Pennsylvania Trust Company, as guardian ad litem for a minor plaintiff, filed a professional negligence action against Moses Taylor after the minor plaintiff allegedly sustained "severe, permanent, disabling birth injuries" while receiving treatment at the hospital. (*Id.* ¶ 14.) Coverys, as the insurer for Moses Taylor, "provided a defense and legal representation" for this lawsuit, during which Coverys "directed, controlled, monitored, over[saw], funded, [and] strategized" about the action, "including making, participating in and/or advising and counseling [Moses Taylor] about whether . . . to settle the action prior to the verdict." (*Id.* ¶¶ 15, 17.) According to the complaint, Coverys was "fully

aware" that Moses Taylor "could be reasonably, foreseeably, and fairly held liable . . . for millions of dollars of damages which could . . . adversely affect the aggregate available insurance coverage that existed to insure Moses Taylor" with respect to future litigation. (*Id.* ¶ 16.)

In February 2019, the minor plaintiff made a demand for the policy limits of the insurance coverage that Coverys provided to Moses Taylor. (*Id.* ¶ 19.) A few days after the demand, Moses Taylor claims that it informed Coverys of the need to settle the case within its policy limits at the scheduled March 1, 2019 pre-trial conference. (*Id.* ¶¶ 19–20.) Coverys participated in this conference through its agent, Matthew Cosgrave, who allegedly arrived unprepared and without authority to negotiate a settlement. (*Id.* ¶¶ 21–22.) The judge presiding over the conference ordered "the insurance representative with the highest level of settlement authority," Mollie O'Brien, to appear at the next conference on March 6, 2019. (*Id.* ¶ 23.) Contrary to the court's order, O'Brien failed to appear at this conference, instead sending Cosgrave and attorney Thomas Hurd, each without additional settlement authority; as a result, no settlement was reached at this conference. (*Id.* ¶¶ 25, 27.)

In a March 7, 2019 correspondence to Coverys, Moses Taylor demanded that Coverys settle the lawsuit. (*Id.* ¶ 29.) Moses Taylor alleges that it persuaded Coverys to engage in a high-low arbitration after Moses Taylor agreed to

3

contribute $500,000 of its own funds. (*Id.* ¶ 30.) The "low" limit was set at $2,500,000 and the "high" limit was set at $7,750,000.[2] (*Id.* ¶ 32.)

After Coverys' presentation at the arbitration, the minor plaintiff made a final demand for $6,000,000 to settle the case in full. (*Id.* ¶ 34.) Moses Taylor asserts that it directed Coverys to settle, or attempt to settle, the controversy for such amount. (*Id.* ¶ 35.) Moses Taylor claims that Coverys once again failed to settle the case or reasonably engage in settlement discussions. (*Id.* ¶ 36.) The minor plaintiff proceeded with the arbitration, allegedly setting forth substantially the same evidence presented at the pre-trial conference, which supported an estimated damages award in excess of $200,000,000. (*Id.* ¶ 37.) On May 9, 2019, the arbitrator awarded the minor plaintiff "a substantial verdict, grossly in excess of the settlement figures, and well . . . in excess of the agreed upon 'high' limit[.]"[3] (*Id.* ¶ 38.)

Moses Taylor claims that this settlement left it with $1,750,000 less in its available insurance coverage than if Coverys had settled the suit for the minor

---

[2] If the arbitrator awarded the low amount, Coverys would pay $1,000,000, a self-insured trust from Moses Taylor would pay $500,000, MCare, a third-party payor, would pay $500,000, and the remaining $500,000 would come from Moses Taylor's private funds. In contrast, if the arbitrator awarded the high amount, then Coverys would pay $6,750,000, MCare would pay $500,000, and the remaining $500,000 would come from Moses Taylor's self-insured trust. (Doc. 1-4, ¶ 32.)

[3] In the motion to dismiss, Coverys clarifies that the original award exceeded the upper limit of the arbitration and was remanded to the high limit of $7,500,000. (Doc. 3-1, p. 7.)

plaintiff's $6,000,000 demand as directed by Moses Taylor.  (*Id.* ¶ 39.) Specifically, Moses Taylor asserts that if the settlement had been for $6,000,000, then it would have $2,250,000 remaining in coverage as opposed to the $500,000 currently remaining available coverage to settle other cases.  (*Id.*)

On the basis of these facts, Moses Taylor filed a complaint on May 21, 2020 in the Court of Common Pleas of Lackawanna County, alleging claims for breach of contract, bad faith, and vicarious liability, and seeking damages of $1,750,000. (Doc. 3, p. 9.; Doc. 1-4 ¶¶ 40–64.)  On June 19, 2020, Coverys removed the case to this court.  (Doc. 1.)  Thereafter, on June 25, 2020, Coverys filed the instant motion to dismiss, asserting, *inter alia*, that Moses Taylor has failed to assert non-speculative damages and as such Moses Taylor's claims for breach of contract, bad faith, and vicarious liability fail as a matter of law.  (Doc. 3.)  On July 8, 2020, Moses Taylor filed a brief in opposition.  (Doc. 4.)  Thus, this motion is ripe for review.

## JURISDICTION

The court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties have complete diversity and the amount in controversy exceeds $75,000.  Further, venue is appropriate because the action detailed in the complaint occurred in the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S., 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garret v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrain v. Levi*, 696 F.3d 352 365 (3d Cir. 2012).

## DISCUSSION

In this case, Coverys argues that the complaint should be dismissed on the following grounds: (1) Moses Taylor's claim for breach of contract should be dismissed for failure to allege non-speculative damages as required by Pennsylvania law; (2) in the event that the court dismisses Moses Taylor's claim

6

for breach of contract, its claims for bad faith should also be dismissed because a bad faith claim under 42 PA. CONS. STAT. § 8371 requires a predicate cause of action which disappears if the court dismisses the breach of contract claim; and (3) Moses Taylor's claim for vicarious liability should likewise be dismissed because vicarious liability cannot be brought as a stand-alone claim for relief under Pennsylvania law.  (Doc. 3-1, p. 6.)[4]  The court will address these arguments below.

### A. Moses Taylor's Claim for Breach of Contract will be Dismissed Without Prejudice.

Coverys moves to dismiss Moses Taylor's claim for breach of contract on the grounds that Moses Taylor has failed to plead cognizable non-speculative damages.  (*Id.*)  Moses Taylor seeks damages based on the depletion in available insurance coverage "for the settlement of additional existing and/or future cases" that would have been available if Coverys had settled the underlying suit at Moses Taylor's request.  (Doc. 1-4, ¶¶ 33, 39.)  Coverys argues that these damages are speculative because Moses Taylor has not yet had to pay out of pocket for any settlements due to the depreciated insurance coverage.  (Doc. 3-1, p. 6.)  Moses Taylor counters that the reference to "existing and/or future cases" in paragraph 33 of the complaint satisfies Federal Rule of Civil Procedure 8(a)(2), especially given

---

[4] For ease of reference, the court utilizes the page number from the CM/ECF header.

Coverys' awareness of the pending suit.  (Doc. 4, pp. 7–8.)  Moses Taylor further argues that it has properly pleaded damages because the depletion of insurance coverage is presently impacting its ability to settle and/or defend the pending lawsuit.  (*Id.* at 9.)

Under Pennsylvania law,[5] a breach of contract claim includes three elements: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages."[6]  *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).  A plaintiff must plead damages which can be "calculated to a reasonable certainty."  *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 226 (3d Cir. 2003) (quoting *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 668 (3d Cir. 1998)).  Thus, damages cannot be "too speculative, vague, or contingent."  *Spang & Co. v. U.S. Steel Corp.*, 545 A.2d 861, 866 (Pa. 1998).  To evaluate whether damages are speculative, a plaintiff need not prove a precise amount, but must instead show that there are identifiable damages.  *Rizzo v. Haines*, 555 A.2d 58, 68 (Pa. 1989); *Wachovia*

---

[5] The court applies the substantive law of Pennsylvania to this dispute since the court is exercising diversity jurisdiction in this case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Chamberlain v. Giampapa*, 210 F.3d 14, 158 (3d Cir. 2000).  In addition, neither party objects to the application of Pennsylvania law.

[6] At this point, Coverys does not dispute the existence of the contract, the alleged breach thereof, or that the damages claimed are recoverable.  As such, the court focuses its discussion on whether the alleged damages are speculative—the only issue raised by Coverys' motion regarding the breach of contract claim.

*Bank N.A. v. Feretti*, 935 A.2d 565, 572 (Pa. Super. Ct. 2007). Therefore, courts have concluded that "damages are speculative only if the uncertainty concerns the fact of damages rather than the amount." *Id.*

Moses Taylor claims damages in the amount of $1,750,000—the difference in its aggregate insurance coverage between the remanded arbitration award in the underlying suit and the amount that would have remained if Coverys had settled the underlying suit for $6,000,000. (Doc. 1-4, ¶ 39.) Moses Taylor references a presently pending lawsuit of a similar nature to the underlying suit in its brief in opposition and argues that the depleted insurance coverage has made it difficult to settle the pending suit.[7] (Doc. 4, pp. 5, 7.) However, the court can only consider information in the complaint, matters of public record, and exhibits attached to the complaint in a motion to dismiss. *Pension Ven. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The complaint only alleges that the remaining coverage may affect "additional existing and/or future cases." (Doc. 1-4, ¶ 33.) From the face of the complaint, the court has no information regarding the nature of any existing or future suit, whether the suit(s) will settle, let alone whether any judgment amount would exceed the remaining policy limits. Without this information, the damages

---

[7] Moses Taylor references a pending lawsuit in the Court of Common Pleas of Lackawanna County which falls under the same insurance policy as the underlying suit and was filed before the complaint in this case. (Doc. 4, p. 5.)

9

in the complaint are "merely fanciful conceptions," which are too speculative to establish the required element of resultant damages under Pennsylvania law. *Weinglass v. Gibson*, 155 A. 439, 440 (Pa. 1931). However, in light of the existing lawsuit that Moses Taylor references in its opposition brief, these deficiencies may be curable should Moses Taylor choose to file an amended complaint.[8] (Doc. 4, p. 5.)

### B. Moses Taylor's Claim for Bad Faith will be Dismissed Without Prejudice.

Coverys moves to dismiss Moses Taylor's claim for bad faith on the grounds that, *inter alia*, bad faith under 42 PA. CONS. STAT. § 8371 may not be brought as an independent cause of action.[9] (Doc. 3-1, pp. 17–18.) Coverys argues that if Moses Taylor has failed to properly plead a breach of contract claim, then there is no predicate cause of action for the bad faith claim, and that this claim should accordingly be dismissed. (*Id.*) In response, Moses Taylor argues that section 8371 creates a private cause of action against insurance companies, and it has

---

[8] If Moses Taylor opts to file an amended complaint, the court has concerns regarding whether this claim is ripe. A claim is not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Sherwin-Williams Co. v. Cty. of Del., Pa.*, 968 F.3d 264, 272 (3d Cir. 2019) (quoting *Wyatt v. Virgin Islands, Inc.*, 385 F.3d 801, 806 (3d Cir. 2004)). Indeed, Moses Taylor has merely noted in its opposition brief that there is litigation pending. It has not alleged that this litigation has settled or that it has had to pay anything out of pocket to settle this litigation that it would not have otherwise had to pay if the underlying suit had settled at Moses Taylor's request.

[9] Coverys also moves to dismiss the bad faith claim for lack of pleading a cognizable harm, which is the same argument addressed above in relation to the breach of contract claim. The same analysis applies with respect to this claim.

pleaded non-speculative damages beyond compensatory damages. (Doc. 4, pp. 10–11.)

Under Pennsylvania law, bad faith claims against insurers arise under statute, rather than common law. *The Brickman Group, Ltd. v. CGU Ins. Co.*, 865 A.2d 918, 926 (Pa. Super. Ct. 2004); 42 PA. CONS. STAT. § 8371 (1990). Section 8371 states:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) [a]ward interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%[;] (2) [a]ward punitive damages against the insure[d]; [and] (3) [a]ssess court costs and attorney fees against the insurer.

42 PA. CONS. STAT. § 8371. Courts have recognized that this statute creates a cause of action where "(1) . . . the insurer did not have a reasonable basis for denying benefits under the policy, and (2) . . . the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancoscky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 370 (Pa. 2017) (adopting the test from *Terletsky v. Prudential Prop. Cas. Ins. Co.*, 649 A.2d 680, 689 (Pa. Super. Ct. 1994)).

A bad faith claim under section 8371 is distinct from the predicate claim. *Nealy v. State Farm Mut. Auto. Ins. Co.*, 695 A.2d 790, 793 (Pa. Super. Ct. 1997) (ruling bad faith claims are distinct from underlying contract claims). As such, there must be a predicate contract claim in order for a section 8371 claim to

proceed. *Polselli v. Nationwide Mut. Fire. Ins. Co.*, 126 F.3d 524, 530 (3d Cir. 1997) (observing that "a section 8371 claim may not be the sole claim of an insured"). A breach of contract claim can serve as one such predicate action. *See, e.g.*, *Rancoscky*, 170 A.3d at 161 (recognizing a section 8371 claim brought along with a breach of contract claim). While the predicate claim need not be tried together with the section 8371 claim, the predicate cause of action "must be ripe for a § 8371 claim to be recognized." *Polselli*, 126 F.3d at 530. The Pennsylvania Supreme Court has also recognized this requirement. *See Ash v Continental Ins. Co.*, 932 A.2d 877, 882 (Pa. 2007) (holding that section 8371 "applies only in limited circumstances—i.e., where the insured has first filed 'an action arising under an insurance policy' against his insurer").

In this case, while Moses Taylor has alleged a breach of contract claim along with its section 8371 bad faith claim, the court's dismissal of the breach of contract claim removes the predicate cause of action otherwise required to accompany the section 8371 claim. As another court within this circuit has articulated, a bad faith claim in a vacuum is not actionable. *MP III Holdings, Inc. v. Hartford Cas. Ins. Co.*, No. 08-CV-4958, 2011 U.S. Dist. LEXIS 72370, at *83–88 (E.D. Pa. June 30, 2011). Thus, because there are no other actionable claims raised in this case that could serve as a predicate cause of action, Moses Taylor's section 8371 claim for

bad faith will be dismissed without prejudice to reinstatement if the breach of contract claim is replead.  *See Polselli*, 126 F.3d at 530.

### C. Moses Taylor's Claim for Vicarious Liability will be Dismissed Without Prejudice.

Coverys argues in a footnote that Moses Taylor's claim for vicarious liability should be dismissed on the grounds that vicarious liability is not an independent cause of action.  (Doc. 3-1, p. 6 n.1.)  Coverys argues that because Moses Taylor has failed to properly plead a breach of contract claim, there is no predicate cause of action on which the vicarious liability claim can rely.  (*Id*.)  In response, Moses Taylor argues that the vicarious liability claim should not be dismissed because the breach of contract claim is a proper predicate cause of action.  (Doc. 4, p. 11.)  In the interest of efficiency, the court will address Coverys' argument in support of dismissal of this claim despite the fact that it was raised in a footnote.

Under Pennsylvania law, a claim for vicarious liability requires a separate claim for which liability is asserted. *Mamalis v. Atlas Van Lines, Inc.*, 528 A.2d 198, 200 (Pa. Super. Ct. 1987) ("A claim of vicarious liability depends on the life of the claim from which it derives.").  Vicarious liability allows a principal to be held liable for the actions of its agent.  *Id.*  A principal/agent relationship can be established through employment where the employee is the agent, the employer is the principal, and the act was committed within the course and scope of

employment. *Ludwig v. McDonald*, 204 A.3d 935, 943 (Pa. Super. Ct. 2019). The claims against the agent and the principal are indivisible because each are derived from the acts of only one tortfeasor. *Mamalis*, 528 A.2d at 200. Therefore, when there is no claim against the agent, there is no claim which can be raised against the principal because "termination of the claim against the agent extinguishes the derivative claim against the principal." *Id.*

In this case, Moses Taylor asserts a claim of vicarious liability against Coverys for the actions of its "agents, servants, workmen, employees, ostensible agents and/or apparent agents, including but not limited to Matthew Cosgrave and Mollie O'Brien." (Doc. 1-4, ¶ 62.) As discussed above, both the breach of contract claim and the bad faith claim will be dismissed. Without these claims, there is no predicate cause of action for the agent, one of Coverys' employees or agents, for which the principal, Coverys, may be liable. The court makes no determination on the merits of the vicarious liability claim and whether Coverys can be held liable for the actions of its agents; rather, the court will dismiss the claim for lack of a predicate cause of action.[10] Given the lack of a predicate action, Moses Taylor's claim for vicarious liability will be dismissed without prejudice.

---

[10] The court will caution Plaintiff's counsel, should they elect to refile a complaint, to review the *Ingersoll-Rand Equipment Corporation v. Transportation Insurance Company* decision regarding vicarious liability claims against an insurance company for the alleged negligence of an attorney selected as retained counsel. *See Ingersoll-Rand Equip. Corp. v. Transp. Ins. Co.*, 963 F. Supp. 452, 454–55 (M.D. Pa. 1997) (rejecting vicarious liability as an available claim against an insurance company regarding the actions of an attorney it hired to defend an insured);

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, Doc. 3, will be granted without prejudice to Plaintiff filing an amended complaint.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: March 17, 2021

---

*McMahon v. Med. Protective Co.*, 92 F. Supp. 3d 367, 387–88 (W.D. Pa. 2015) (adopting *Ingersoll-Rand*).