IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOSES TAYLOR FOUNDATION o/b/a: MOSES TAYLOR HOSPITAL, | : : : | Civil No. 3:20-CV-00990 |
| Plaintiff, | : : | |
| v. | : : | |
| COVERYS and PROSELECT INSURANCE COMPANY, | : : : : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is Defendants' second motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 40.) This action was brought by Plaintiff, Moses Taylor Foundation on behalf of Moses Taylor Hospital ("Moses Taylor"), to recover damages for the alleged breach of contract by Defendants, Coverys and Proselect Insurance Company ("Coverys") for failure to negotiate a desirable settlement in a previous lawsuit ("the underlying suit"). (Doc. 1-4, ¶¶ 1–5, 13–39.)[1] This court granted an earlier motion to dismiss with leave to file an amended complaint to identify non-speculative damages on March 17, 2021. (Doc. 30.) On April 1, 2021 Moses Taylor filed an amended complaint which was a duplicate of the original complaint except for additional information about a state action in Lackawanna County ("State Action") that has subsequently

---

[1] For ease of reference, the court utilizes the page number from the CM/ECF header.

1

settled.  (Doc. 32.)  Once more, Coverys has moved to dismiss all three counts in Moses Taylor's amended complaint for breach of contract, bad faith, and vicarious liability.  (Doc. 40.)  The court finds that Moses Taylor has failed to rectify the defects specified with respect to the initial complaint, and has continued to plead speculative damages.  The court further finds the claims for bad faith and vicarious liability require a valid predicate cause of action, and without a valid breach of contract claim they are not actionable.  Therefore, the court will grant the motion to dismiss the amended complaint with prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to its amended complaint, Moses Taylor Hospital is a hospital in Lackawanna County, Pennsylvania and the Moses Taylor Foundation is a not-for-profit corporation with the authority to represent Moses Taylor Hospital.  (Doc. 32, ¶ 1.)  Defendant Coverys is a medical professional liability insurance provider.  (*Id.* ¶ 2.)  Proselect Insurance Company is an underwriting company for Coverys which supplies insurance protection to healthcare facilities.  (*Id.* ¶ 3.)  Moses Taylor maintained a medical professional liability insurance policy with Coverys.  (*Id.* ¶ 6.)

On August 29, 2017, the Pennsylvania Trust Company, as guardian ad litem for a minor plaintiff, filed a professional negligence action against Moses Taylor after the minor plaintiff allegedly sustained "severe, permanent, disabling birth

injuries" while receiving treatment at the hospital. (*Id.* ¶ 16.) Coverys, as the insurer for Moses Taylor, "provided a defense and legal representation" for this lawsuit, during which Coverys "directed, controlled, monitored, over[saw], funded, [and] strategized" about the action, "including making, participating in and/or advising and counseling [Moses Taylor Hospital] about whether . . . to settle the action prior to the verdict." (*Id.* ¶¶ 17, 19.) According to the amended complaint, Coverys was "fully aware" that Moses Taylor "could be reasonably, foreseeably, and fairly held liable . . . for millions of dollars of damages which could . . . adversely affect the aggregate available insurance coverage that existed to insure Moses Taylor Hospital" with respect to future litigation. (*Id.* ¶ 18.)

In February 2019, the minor plaintiff made a demand for the policy limits of the insurance coverage that Coverys provided to Moses Taylor. (*Id.* ¶ 21.) A few days after the demand, Moses Taylor claims that it informed Coverys of the need to settle the case within its policy limits at the scheduled March 1, 2019 pre-trial conference. (*Id.* ¶ 22.) Coverys participated in this conference through its agent, Matthew Cosgrave, who allegedly arrived unprepared and without authority to negotiate a settlement. (*Id.* ¶¶ 23–24.) The judge presiding over the conference ordered "the insurance representative with the highest level of settlement authority," Mollie O'Brien, to appear at the next conference on March 6, 2019. (*Id.* ¶ 25.) Contrary to the court's order, O'Brien failed to appear at this

conference, instead sending Cosgrave and attorney Thomas Hurd, each without additional settlement authority; as a result, no settlement was reached at this conference.  (*Id.* ¶¶ 27, 29.)

In a March 7, 2019 correspondence to Coverys, Moses Taylor demanded that Coverys settle the lawsuit.  (*Id.* ¶ 31.)  Moses Taylor alleges that it persuaded Coverys to engage in a high-low arbitration after Moses Taylor agreed to contribute $500,000 of its own funds.  (*Id.* ¶ 32.)  The "low" limit was set at $2,500,000 and the "high" limit was set at $7,750,000.[2]  (*Id.* ¶ 34.)

After Coverys' presentation at the arbitration, the minor plaintiff made a final demand for $6,000,000 to settle the case in full.  (*Id.* ¶ 36.)  Moses Taylor asserts that it directed Coverys to settle, or attempt to settle, the controversy for such amount.  (*Id.* ¶ 37.)  Moses Taylor claims that Coverys once again failed to settle the case or reasonably engage in settlement discussions.  (*Id.* ¶ 38.)  The minor plaintiff proceeded with the arbitration, allegedly setting forth substantially the same evidence presented at the pre-trial conference, which supported an estimated damages award in excess of $200,000,000.  (*Id.* ¶ 39.)  On May 9, 2019,

---

[2] If the arbitrator awarded the low amount, Coverys would pay $1,000,000, a self-insured trust from Moses Taylor would pay $500,000, MCare, a third-party payor, would pay $500,000, and the remaining $500,000 would come from Moses Taylor's private funds.  In contrast, if the arbitrator awarded the high amount, then Coverys would pay $6,750,000, MCare would pay $500,000, and the remaining $500,000 would come from Moses Taylor's self-insured trust.  (Doc. 32, ¶ 34.)

the arbitrator awarded the minor plaintiff "a substantial verdict, grossly in excess of the settlement figures, and well . . . in excess of the agreed upon 'high' limit."[3] (*Id.* ¶ 40.)

Moses Taylor claims that this settlement left it with $1,750,000 less in its available insurance coverage than if Coverys had settled the suit for the minor plaintiff's $6,000,000 demand as directed by Moses Taylor. (*Id.* ¶ 41.) Specifically, Moses Taylor asserts that if the settlement had been for $6,000,000, then it would have $2,250,000 remaining in coverage as opposed to the $500,000 currently remaining available to settle other cases. (*Id.* ¶ 42.)

Based on these facts, Moses Taylor filed a complaint on May 21, 2020 in the Court of Common Pleas of Lackawanna County, alleging claims for breach of contract, bad faith, and vicarious liability, and seeking damages of $1,750,000. (Doc. 3, p. 9.; Doc. 1-4, ¶¶ 40–64.) On June 19, 2020, Coverys removed the case to this court. (Doc. 1.) Thereafter, on June 25, 2020, Coverys filed a motion to dismiss, asserting, *inter alia*, that Moses Taylor has failed to assert non-speculative damages and, as such, Moses Taylor's claims for breach of contract, bad faith, and vicarious liability fail as a matter of law. (Doc. 3.) On July 8, 2020, Moses Taylor filed a brief in opposition. (Doc. 4.) On March 17, 2021, this court granted the

---

[3] In the first motion to dismiss, Coverys clarified that the original award exceeded the upper limit of the arbitration and was remanded to the high limit of $7,500,000. (Doc. 3-1, p. 7.)

motion to dismiss with leave to file an amended complaint to cure the speculative nature of the damages alleged in the complaint. (Doc. 30.)

In response, on April 1, 2021, Moses Taylor filed an amended complaint. (Doc. 32.) This amended complaint is nearly identical to the originally filed complaint except for some information regarding what Moses Taylor calls the "Pending Action" and Coverys' calls the "State Action."[4] (Doc. 32, p. 11; Doc. 41, p. 5.) The State Action was alluded to in the first motion to dismiss but because of the limited detail and the purely speculative damages claimed, the court granted the motion to dismiss and noted that if Moses Taylor provided more details, the claims may be valid. (Doc. 29, p. 10.)

The State Action is a medical malpractice action in Lackawanna county against Moses Taylor Hospital with an initial demand of $17,500,000. (Doc. 32, ¶¶ 44–48.) Moses Taylor contends that it "does not possess adequate coverage to allow it to negotiate the case, and [is] therefore exposed to potential for an excess verdict." (*Id.* ¶ 51.) Separately docketed is a stipulation between the parties agreeing that the State Action has settled within policy limits. (Doc. 38.) On June 2, 2021, the court entered an order accepting the stipulation. (Doc. 39.) Also on June 2, 2021, Coverys filed a second to motion to dismiss on identical grounds to

---

[4] Because the action has settled, Doc. 39, the court will refer to this as the "State Action."

the first.  (Doc. 40.)  Moses Taylor filed a brief in opposition on June 16, 2021. (Doc. 42.)  Thus, the motion is ripe for review.

## JURISDICTION

The court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties have complete diversity and the amount in controversy exceeds $75,000.  Further, venue is appropriate because the action detailed in the amended complaint occurred in the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S., 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusionary allegations of liability are insufficient" to survive a motion to dismiss. *Garret v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrain v. Levi*, 696 F.3d 352 365 (3d Cir. 2012).

## DISCUSSION

In this case, Coverys argues that the amended complaint should be dismissed for these reasons: (1) Moses Taylor's claim for breach of contract should be dismissed for failure to allege non-speculative damages as required by Pennsylvania law; (2) in the event that the court dismisses Moses Taylor's claim for breach of contract, its claim for bad faith should also be dismissed because a bad faith claim under 42 Pa. Con. Stat. § 8371 requires a predicate cause of action which disappears if the court dismisses the breach of contract claim; (3) Moses Taylor's claim for vicarious liability should likewise be dismissed because vicarious liability cannot be brought as a stand-alone claim for relief under Pennsylvania law; and (4) if the court declines to accept the stipulation, the motion to dismiss should be converted to a motion for summary judgment.  (Doc. 41, pp. 15–22.)  The court will address each argument in turn.

**A. Moses Taylor's claim for breach of contract will be dismissed.**

Coverys moves to dismiss Moses Taylor's claim for breach of contract because Coverys asserts that Moses Taylor has failed to assert cognizable non-speculative damages despite including information about the State Action. (*Id.* at 15–19.)  Moses Taylor seeks damages based on the depletion in available

insurance coverage "for the settlement of additional existing and/or future cases" that would have been available if Coverys had settled the underlying suit at Moses Taylor's request. (Doc. 32, ¶¶ 35, 42.) More specifically, Moses Taylor points to the State Action as one example of the non-speculative damages and the type of damages that it will be subject to in the future. (Doc. 42, p. 6.) Moses Taylor also identifies the ten-year statute of limitations and notes that it may face liability "until December 31, 2031" under the policy with Coverys. (*Id.*; Doc. 32, ¶ 43.)

Coverys argues that these damages are speculative because Moses Taylor has not yet had to pay out of pocket for any settlement because of the insurance coverage that was depleted. (Doc. 41, pp. 17–18.) Moreover, Coverys asserts that the State Action did not settle outside of the policy limits, so Moses Taylor has yet to pay any identifiable damages. (*Id.*) In reply, Moses Taylor argues that it has properly pleaded damages because the depletion of damages has impacted its ability to settle and/or defend the State Action and other suits that may be filed by unknown plaintiffs. (Doc. 42, pp. 7–10.)

Under Pennsylvania law,[5] a breach of contract claim includes three elements: "(1) the existence of a contract, including its essential terms, (2) a breach

---

[5] The court applies the substantive law of Pennsylvania to this dispute since the court is exercising diversity jurisdiction in this case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Chamberlain v. Giampapa*, 210 F.3d 14, 158 (3d Cir. 2000). Additionally, neither party objects to the application of Pennsylvania law.

of a duty imposed by the contract, and (3) resultant damages."[6] *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). A plaintiff must plead damages which can be "calculated to a reasonable certainty." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 226 (3d Cir. 2003) (quoting *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 668 (3d Cir. 1998)). Thus, damages cannot be "too speculative, vague, or contingent." *Spang & Co. v. U.S. Steel Corp.*, 545 A.2d 861, 866 (Pa. 1998). To evaluate whether damages are speculative, a plaintiff need not prove a precise amount, but must instead show that there are identifiable damages. *Rizzo v. Haines*, 555 A.2d 58, 68 (Pa. 1989); *Wachovia Bank N.A. v. Feretti*, 935 A.2d 565, 572 (Pa. Super. Ct. 2007). Therefore, courts have concluded that "damages are speculative only if the uncertainty concerns the fact of damages rather than the amount." *Wachovia Bank N.A.*, 935 A.2d at 572.

Moses Taylor claims damages in the amount of $1,750,000—the difference in its aggregate insurance coverage between the actual arbitration award in the underlying suit and the amount that would have remained if Coverys had settled the underlying suit for $6,000,000. (Doc. 32, ¶ 42.) The only new information Moses Taylor provides in the amended complaint is related to the State Action.

---

[6] At this point, Coverys does not dispute the existence of the contract, the alleged breach thereof, or that the damages claimed are recoverable. As such, the court focuses its discussion on whether the alleged damages are speculative—the only issue raised by Coverys' motion regarding the breach of contract claim.

According to the stipulation provided by the parties and signed by the court, the State Action "has settled within the per claim and aggregate coverage limits" of the policy. (Doc. 39, p. 2.) On a motion to dismiss, courts may consider matters of public record; the resolution of the state action was jointly stipulated as a matter of record in this case, Doc. 38, and approved by the court, Doc. 39, so the court may consider it for the purposes of this motion.[7] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Because it is established that the State Action settled within policy limits, there is no damage to Moses Taylor.

Beyond the State Action, the amended complaint only alleges that the depleted coverage may affect "additional existing and/or future cases." (Doc. 32, ¶ 35.) This is not a proper pleading of cognizable damages as discussed in the court's earlier opinion and the analysis above. While Moses Taylor discusses the ten-year statute of limitations which could expose Moses Taylor to liability from other plaintiffs, it is possible that such potential plaintiffs may never file suit. As a result, any damages are speculative because there are no pending suits or damages suffered.

---

[7] In the event the court declined to recognize the approval order in the State Action, Coverys requested that the court convert the motion to dismiss into a motion for summary judgment. (Doc. 41, p. 21.) Because the court can properly recognize the stipulation, such conversion is unnecessary.

### B. Moses Taylor's claim for bad faith will be dismissed.

There has been no substantial change in the arguments regarding Moses Taylor's bad faith claim since the first motion to dismiss. Coverys moves to dismiss Moses Taylor's claim for bad faith on the grounds that, *inter alia*,[8] bad faith under 42 Pa. Con. Stat. § 8371 may not be brought as an independent cause of action. (Doc. 41, pp. 19–20.) Coverys argues that if Moses Taylor has failed to properly plead a breach of contract claim, then there is no predicate cause of action for the bad faith claim. (*Id.*) In response, Moses Taylor argues that § 8371 creates a private cause of action against insurance companies, and it has established non-speculative damages beyond compensatory damages giving rise to a proper breach of contract claim. (Doc. 42, pp. 10–12.)

As stated in the court's prior opinion, under Pennsylvania law, bad faith claims against insurers arise under statute, rather than common law. *The Brickman Group, Ltd. v. CGU Ins. Co.*, 865 A.2d 918, 926 (Pa. Super. Ct. 2004); 42 PA. CONS. STAT. § 8371 (1990). Section 8371 states:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) [a]ward interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%[;] (2) [a]ward punitive damages

---

[8] Coverys also moves to dismiss the bad faith claim for lack of pleading a cognizable harm, Doc 41. p. 7, which is the same argument addressed above in relation to the breach of contract claim. The same analysis applies with respect to this claim.

>against the insure[d]; [and] (3) [a]ssess court costs and attorney fees against the insurer.

Courts have recognized that this statute creates a cause of action where "(1) . . . the insurer did not have a reasonable basis for denying benefits under the policy, and (2) . . . the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancoscky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 370 (Pa. 2017) (adopting the test from *Terletsky v. Prudential Prop. Cas. Ins. Co.*, 649 A.2d 680, 689 (Pa. Super. Ct. 1994)).

A bad faith claim under § 8371 is distinct from the predicate contract claim. *Nealy v. State Farm Mut. Auto. Ins. Co.*, 695 A.2d 790, 793 (Pa. Super. Ct. 1997) (ruling bad faith claims are distinct from underlying contract claims). As such, there must be a predicate contract claim for a § 8371 claim to proceed. *Polselli v. Nationwide Mut. Fire. Ins. Co.*, 126 F.3d 524, 530 (3d Cir. 1997) (observing "a section 8371 claim may not be the sole claim of an insured"). A breach of contract claim can serve as one such predicate action. *See, e.g.*, *Rancoscky*, 170 A.3d at 161 (recognizing a section 8371 claim brought along with a breach of contract claim). While the predicate claim need not be tried together with the § 8371 claim, the predicate cause of action "must be ripe for a § 8371 claim to be recognized." *Polselli*, 126 F.3d at 530. The Pennsylvania Supreme Court has also recognized this requirement. *See Ash v. Continental Ins. Co.*, 932 A.2d 877, 882 (Pa. 2007) (holding that section 8371 "applies only in limited circumstances—i.e., where the

13

insured has first filed 'an action arising under an insurance policy' against his insurer").

In this case, while Moses Taylor has alleged a breach of contract claim along with its § 8371 bad faith claim, the court's dismissal of the breach of contract claim removes the predicate cause of action otherwise required to proceed on the § 8371 claim.  As another court within this Circuit has articulated, a bad faith claim in a vacuum is not actionable.  *MP III Holdings, Inc. v. Hartford Cas. Ins. Co.*, No. 08-CV-4958, 2011 U.S. Dist. LEXIS 72370, at *83–88 (E.D. Pa. June 30, 2011).  Thus, because there are no other actionable claims raised in this case that could serve as a predicate cause of action, Moses Taylor's § 8371 claim for bad faith will be dismissed.  *See Polselli*, 126 F.3d at 530.

### C. Moses Taylor's claim for vicarious liability will be dismissed.

Coverys argues that Moses Taylor's claim for vicarious liability should be dismissed because vicarious liability is not an independent cause of action.  (Doc. 41, pp. 20–21.)  Coverys argues that because Moses Taylor has failed to properly plead a breach of contract claim, there is no predicate cause of action on which the vicarious liability claim can rely.  (*Id*.)  In response, Moses Taylor argues the vicarious liability claim should not be dismissed because the breach of contract claim is a proper predicate cause of action.  (Doc. 41, p. 12.)

14

Under Pennsylvania law, a claim for vicarious liability requires a separate claim for which liability is asserted. *Mamalis v. Atlas Van Lines, Inc.*, 528 A.2d 198, 200 (Pa. Super. Ct. 1987) ("A claim of vicarious liability depends on the life of the claim from which it derives."). Vicarious liability allows a principal to be held liable for the actions of its agent. *Id.* A principal/agent relationship can be established through employment where the employee is the agent and the employer the principal and the act was committed within the course and scope of employment. *Ludwig v. McDonald*, 204 A.3d 935, 943 (Pa. Super. Ct. 2019). The claims against the agent and the principal are indivisible because each are derived from the acts of only one tortfeasor. *Mamalis*, 528 A.2d at 200. Therefore, when there is no claim against the agent, there is no claim which can be raised against the principal because "termination of the claim against the agent extinguishes the derivative claim against the principal." *Id.*

In this case, Moses Taylor is asserting a claim of vicarious liability against Coverys for the actions of its "agents, servants, workmen, employees, ostensible agents and/or apparent agents, including but not limited to Matthew Cosgrave and Mollie O'Brien." (Doc. 32, ¶ 75.) As discussed above, the court will dismiss the breach of contract claim and the bad faith claim. Without these claims, there is no predicate cause of action for which the principal, Coverys, may be liable. The court makes no determination on the merits of the vicarious liability claim and

whether Coverys is liable for the actions of its agents; rather, the court will dismiss the claim for lack of a predicate cause of action. However, the court will reiterate the point made in its prior opinion that *Ingersoll-Rand Equipment. Corp. v. Transportation Insurance Co.* stands for "rejecting vicarious liability" for an insured company regarding the actions of an attorney it hired to defend an insured. 693 F. Supp. 452, 454 (M.D. Pa. 1997); *see also McMahon v. Med. Protective Co.*, 92 F. Supp. 3d 367, 387–88 (W.D. Pa. 2015) (adopting *Ingersoll-Rand*).

Given the lack of a predicate action, Moses Taylor's claim for vicarious liability will be dismissed.

### D. The amended complaint will be dismissed with prejudice.

Moses Taylor's amended complaint will be dismissed with prejudice because it would be futile to allow another amendment when no damages have been suffered, and Plaintiffs have already had an opportunity to amend. *See Houle v. Walmart Inc.*, 447 F. Supp. 3d 261, 273 (M.D. Pa. 2020) (noting that district courts should permit leave to amend unless it would be inequitable or futile to do so) (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, Doc. 40, will be granted and Plaintiff's claims will be dismissed with prejudice. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: November 22, 2021