IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOSES TAYLOR FOUNDATION o/b/o: MOSES TAYLOR HOSPITAL, | : : : | Civil No. 3:20-CV-00990 |
| Plaintiff, | : : | |
| v. | : : | |
| COVERYS and PROSELECT INSURANCE COMPANY, | : : : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# **MEMORANDUM**

Before the court is a motion to strike filed by Defendants Coverys and Proselect Insurance Company (collectively "Coverys"). (Doc. 63.) Coverys moves to strike various filings by Plaintiff Moses Taylor Foundation o/b/o Moses Taylor Hospital ("Moses Taylor") under Federal Rule of Civil Procedure 12(f). Specifically, Coverys moves to strike: (1) paragraphs 19-24, 27-30, and 32-39 of the original state court complaint, Doc. 1-4; (2) Plaintiff's brief in opposition to a previously ruled on motion, Doc. 4; and (3) paragraphs 21-26 and 29-41 of the amended complaint, Doc. 32. (Doc. 63-1, p.1).[1] For the reasons that follow, the court will deny the motion.

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The amended complaint alleges the following facts. Moses Taylor Hospital is a hospital in Lackawanna County, Pennsylvania, and the Moses Taylor Foundation is a not-for-profit corporation with authority to represent Moses Taylor Hospital. (Doc. 32, ¶ 1.) Defendant Coverys is a medical professional liability insurer who maintained a policy with Moses Taylor. (*Id.* ¶ 6.) On August 29, 2017, the Pennsylvania Trust Company, as guardian ad litem for a minor plaintiff, filed a professional negligence action against Moses Taylor after the minor plaintiff allegedly sustained "severe, permanent, disabling birth injuries" while receiving treatment at the hospital (the "underlying suit"). (*Id.* ¶ 16.) Coverys, as the insurer for Moses Taylor, provided a defense and legal representation for this lawsuit and advised Moses Taylor about whether to settle the action prior to the verdict. (*Id.* ¶¶ 17, 19.)

Moses Taylor claims that it informed Coverys of the need to settle the case within its insurance policy limits at a March 1, 2019 pre-trial conference. (*Id.* ¶ 22.) Coverys participated in this conference through its agent, Matthew Cosgrave, who allegedly arrived unprepared and without authority to negotiate a settlement. (*Id.* ¶¶ 23-24.) In response, the judge overseeing the conference ordered the insurance representative with the highest level of settlement authority at Coverys, Mollie O'Brien, to appear at another conference on March 6, 2019. (*Id.* ¶ 25.)

Contrary to the court's order, O'Brien failed to appear at the second conference, instead sending Cosgrave and attorney Thomas Hurd, both of whom did not have settlement authority. (*Id.* ¶ 27.) As a result, no settlement was reached at this conference. (*Id.* ¶ 29.)

Subsequently, Moses Taylor persuaded Coverys to engage in a high-low arbitration by contributing $500,000 of its own funds towards a potential settlement. (*Id.* ¶ 32.) The "low" limit for the arbitration was set at $2,500,000 and the "high" limit was set at $7,750,000. (*Id.* ¶ 34.) After Coverys' presentation at the arbitration, the minor plaintiff made a final demand of $6,000,000 for full and final settlement of the case. (*Id.* ¶ 36.) Moses Taylor then directed Coverys to either settle the case for that amount or negotiate a similar settlement. (*Id.* ¶ 37.) Coverys allegedly refused to accept that offer or even attempt to settle the case. (*Id.* ¶ 38.) Minor plaintiff's counsel then proceeded with their presentation. (*Id.* ¶ 39.) On May 9, 2019, the arbitrator awarded the minor plaintiff a "substantial verdict, grossly in excess of the settlement figures" and "in excess of the agreed upon 'high limit'." (*Id.* ¶ 40.) The arbitration award was remanded to the high limit of $7,500,000. (*Id.* ¶ 41.)

Moses Taylor claims that this arbitration award left it with $1,750,000 less in its available insurance coverage than if Coverys had settled the suit for the minor plaintiff's $6,000,000 demand. (*Id.*) Specifically, Moses Taylor asserts that if the

settlement had been for $6,000,000 as they demanded, then Moses Taylor would have $2,250,000 remaining in coverage as opposed to the $500,000 currently available. (*Id.* ¶ 42.)

Based on these facts, Moses Taylor filed a complaint on May 21, 2020, in the Court of Common Pleas of Lackawanna County, alleging claims for breach of contract, bad faith, and vicarious liability. (Doc. 3, p. 9; Doc. 1-4 ¶¶ 40-64.) On June 19, 2020, Coverys removed the case to this court. (Doc. 1.) Thereafter on June 25, 2020, Coverys filed a motion to dismiss claiming Moses Taylor did not plead actual or specific damages in its complaint. (Doc. 3.) On March 17, 2021, this court granted the motion to dismiss with leave to file an amended complaint. (Doc. 30.)

In response, on April 1, 2021, Moses Taylor filed an amended complaint, making very minor changes to its original filing. (Doc. 32.) On June 2, 2021, Coverys filed a second motion to dismiss on identical grounds to the first. (Doc. 40.) After the issue was fully briefed, this court granted Coverys' second motion to dismiss with prejudice. (Doc. 46.) Moses Taylor filed a notice of appeal on December 6, 2021. (Doc. 48.) On appeal, the Third Circuit vacated this court's order granting the second motion to dismiss and reinstated the amended complaint, finding that Moses Taylor's requested remedy, restoration of insurance coverage, was a valid form of equitable relief. (Docs. 50, 51.)

Coverys then filed the instant motion to strike on January 1, 2024. (Doc. 63.) Moses Taylor filed its brief in opposition on January 25, 2024. (Doc. 65.) Coverys filed its reply brief on February 8, 2024. (Doc. 68.) Thus, the motion is ripe for review.

## JURISDICTION

The court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties have complete diversity and the amount in controversy exceeds $75,000. Further, venue is appropriate because the actions detailed in the amended complaint occurred in the Middle District of Pennsylvania. 28 U.S.C. § 1391(b)(2).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a party can move a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." This rule is "designed to reinforce the requirement in Rule 8 . . . that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2020 update). To that end, the purpose of any motion to strike should be to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters."

*United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted).

Motions to strike should not be used to persuade a court to determine disputed questions of law. *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993) (citations omitted). They also "may not serve as an avenue to procure the dismissal of all or part of a complaint." *Davila v. N. Reg'l Joint Police Bd.*, 979 F. Supp. 2d 612, 624 (W.D. Pa. Oct. 21, 2013), *vacated in part on reconsideration*, 2014 U.S. Dist. LEXIS 102143 (July 28, 2014) (citing *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 53031 (D.N.J. 2012)).

The burden rests with the moving party to show that the challenged matter should be stricken. *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019). Thus, the movant must demonstrate that the matter falls within one of the categories listed in Rule 12(f). "Immaterial" matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (citing *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)). "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted). And "scandalous" matter is that which "casts a derogatory light on someone, uses repulsive language,

or detracts from the dignity of the court." *Id.* (citing *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988)).

## DISCUSSION

All of the filings that Coverys moves to strike refer to settlement negotiations which took place during the underlying suit involving the minor plaintiff's injuries. (Doc. 63-2, p.1.) In their brief in support, Coverys contends these settlement negotiations fall under Federal Rule of Evidence 408, which, in some circumstances, prohibits parties from introducing evidence of settlement discussions or negotiations. (Doc. 63-2, p.7.) Coverys also asserts that pleadings which reference inadmissible settlement negotiations are frequently stricken for being immaterial under Federal Rule of Civil Procedure 12(f). Because they believe the facts regarding settlement negotiations detailed in Moses Taylor's filings are inadmissible under Rule 408, Coverys contends those references should be stricken under Rule 12(f). (Doc. 63-2, p. 12.)

In the brief in opposition, Moses Taylor responds that Rule 408 generally does not apply to their filings because they do not reference the settlement negotiations for any prohibited purpose. (Doc. 65, p. 5.) Moses Taylor also argues that the settlement negotiation facts referenced are plainly relevant to the claims in

their amended complaint, so striking them for being "irrelevant" under Rule 12(f) would be improper. (Doc. 65, p. 9.)

The court will address each contested filing under the Rule 12(f) standard.

### A.   The Original State Court Complaint and Brief in Opposition

Coverys moves to strike portions of the original state court complaint attached to the notice of removal (Doc. 1-4), and Moses Taylor's brief in opposition to an already ruled upon motion to dismiss (Doc. 4.). (Doc. 63-1, p. 1.) Coverys' justification is that the purpose of including information regarding the settlement negotiation in these filings was to "harass Coverys and to prejudice Coverys' administration of future claims and disputes." (Doc. 63-2, p. 13.)

The court will deny the motion as it relates to both of these filings. The state court complaint is no longer the operative complaint. The brief in opposition Coverys seeks to strike was filed over four years ago, and relates to an issue that the court resolved on March 17, 2021. (Doc. 30.) At this juncture, Coverys could move to seal the disputed filings if it believes there are sufficient grounds supporting such a motion under the relevant legal standard for sealing documents

that are publicly docketed. However, a motion to strike under Rule 12(f) is not a valid vehicle to address Coverys' concerns.

B.     **The Amended Complaint**

As a threshold matter, Coverys correctly maintains that a finding of inadmissibility under Federal Rule of Evidence 408 can be a valid ground for striking a pleading as "immaterial" under Federal Rule of Civil Procedure 12(f). *See Dipietro v. Dept. of Corrections*, No. 1:15-CV-1136, 2016 WL 6728297 at *2 (M.D. Pa. Nov. 15, 2016); *Terrana v. Nationwide Ins. Co.*, No. 3:13-CV-0861, 2013 WL 12109460 at *1-2 (M.D. Pa. May 8, 2013.) And so, the court will assess whether Federal Rule of Evidence 408 is applicable in the context presented here.

Federal Rule of Evidence 408 states:

> (a) Evidence of the following is not admissible–on behalf of any party–either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>   (1) furnishing, promising, or offering–or accepting, promising to accept, or offering to accept–a valuable consideration in compromising or attempting to compromise the claim; and
>   (2) conduct or a statement made during compromise negotiations about the claim–except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>     (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Coverys contends that Moses Taylor's pleading of facts about the settlement negotiations in the underlying lawsuit in their amended complaint falls within the scope of Rule 408. The court disagrees. Rule 408 makes clear that a party cannot prove "the validity or amount of a disputed claim" by using "conduct or a statement made during compromise negotiations about the claim." Fed. R. Evid. 408. The disputed claims that Moses Taylor is seeking to prove the validity and amount of are their breach of contract, bad faith, and vicarious liability claims against Coverys. The conduct and statements made during compromise negotiations that Moses Taylor refers to in their complaint are not about that claim. Rather, they are about the underlying claim involving the injuries of the minor plaintiff. Thus, the statements and conduct involved in those settlement negotiations fall outside the scope of what is prohibited by Rule 408.

The purpose of Rule 408 is to "encourage freedom of discussion with regard to compromise." *Affiliated Mfrs., Inc. v. Aluminum Co. of America*, 56 F.3d 521, 526 (3d. Cir. 1995). If discussions about settling a lawsuit can be introduced as evidence in that same lawsuit, "the fear is that settlement negotiations will be inhibited." *Travelers Prop. Cas. Co. v. Bobrick Washroom Equip. Inc.*, No. 3:18-CV-00094, 2021 WL 1392137 at *4 (M.D. Pa. April 13, 2021) (*citing Central Soya Co. Inc. v. Epstein Fisheries, Inc.*, 676 F.2d 939, 944 (7th Cir. 1982). However, "statements made during settlement negotiations are admissible when offered for

another purpose, such as to establish an independent violation unrelated to the underlying claim which was the subject of the correspondence." *Spence v. Foxx*, 159 F. Supp. 3d 483, 501 (D.N.J. 2014).  Furthermore, "where the settlement negotiations and terms explain and are part of another dispute they must often be admitted if the trier is to understand the case." *Travelers Prop. Cas. Co.* 2021 WL at *4 (*citing Central Soya Co. Inc.*, 676 F.2d at 944).

      Allowing Moses Taylor to plead facts regarding the settlement negotiations in the underlying case here does not violate the plain language or policy basis of Rule 408.  Rather, it allows Moses Taylor to "establish an independent violation unrelated to the underlying claim." *Spence* 159 F. Supp. 3d at 501.  Additionally, because the settlement negotiations at issue are part of another dispute, they "must … be admitted if the trier is to understand the [instant] case." *Travelers* 2021 WL at *4.

      Free and open settlement discussions are not inhibited by allowing a party to allege that their insurer acted in bad faith during settlement negotiations in a previous case involving different parties.  To the contrary, if the court granted Coverys' motion, that would effectively shield Coverys from any allegation of bad faith during the underlying lawsuit's negotiations and provide no incentive for

insurers like Coverys to act in good faith in settling their insureds' claims in the future.

Coverys cites *Ciolli v. Iravani* as authority for the proposition that, in some cases, settlement negotiations in an underlying lawsuit can be precluded from use in a subsequent suit pursuant to Federal Rule of Evidence 408. (Doc. 68, pp. 6-8.) In *Ciolli*, the underlying suit involved two female students from Yale Law School suing 29 pseudonymous individuals who posted inappropriate comments about them on online forums. *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 282 (E.D. Pa. 2009). The subsequent lawsuit began when Ciolli, who was a defendant in the underlying lawsuit, sued the two female students who were the plaintiffs in the underlying lawsuit, for wrongfully including him in the underlying suit. *Id.* In his complaint, Ciolli pleaded facts from settlement discussions in the underlying lawsuit in which attorneys for the then-plaintiff students essentially admitted that Ciolli should not have been included in the underlying suit. *Id.* at 284-85. The Eastern District of Pennsylvania ruled that the two cases were "sufficiently related," and therefore Ciolli could not plead evidence of settlement negotiations which took place in the underlying suit in the latter action. *Id.* at 288-89. The court heavily emphasized that Ciolli tried to use the underlying settlement

negotiations to "assert the invalidity of the claims in the [underlying litigation]," which is expressly prohibited by Rule 408. *Id.* at 288 (emphasis added).

*Ciolli* is distinguishable from the instant case for two important reasons. First, in *Ciolli*, the Eastern District of Pennsylvania emphasized that Ciolli was attempting to use the underlying settlement discussions to invalidate the plaintiff's claims in the underlying lawsuit, which is expressly prohibited by Federal Rule of Evidence 408. *Id. at 288*. Here, Moses Taylor is not attempting to invalidate the underlying minor plaintiff's claims, but instead is seeking to show that Coverys acted in bad faith during those settlement negotiations. Second, both the underlying case and the subsequent action in *Ciolli* involved the same parties: the two female law students and Ciolli. *Id.* at 282. In the instant case, the underlying lawsuit was between the injured minor plaintiff and Moses Taylor, but the subsequent action is between Moses Taylor and Coverys, who was not a party to the underlying case. Because this case involves different parties than the underlying suit, and because the settlement negotiations are not being referenced to invalidate the claims in the underlying suit, the underlying and subsequent cases here are not "sufficiently related" as they were in *Ciolli*.

Here, because the underlying suit's claims involved injuries to a minor plaintiff, and the claims in this subsequent suit involve breach of contract, bad faith, and vicarious liability for an insurer failing to act properly regarding its

insured, the claims in both cases are "completely different." *See Herman v. City of Allentown*, 985 F. Supp. 569, 577 (E.D. Pa. 1997) (finding that plaintiff's claims for discrimination in rehiring were "completely different" than his claims for wrongful termination.) When the claims brought in a subsequent action are "completely different" than the claims in the underlying case, Rule 408 is not a valid basis for a court to bar evidence of settlement negotiations which took place during the underlying case. *Id.*

Ultimately, because the references to settlement negotiations in Moses Taylor's amended complaint do not fall within the scope of Federal Rule of Evidence 408 given the purpose for which they are being pleaded, the court will not strike them for being immaterial under Federal Rule of Civil Procedure 12(f).

As a final point, the court notes that motions to strike under Rule 12(f) "may not serve as an avenue to procure the dismissal of all or part of a complaint." *Davila* 979 F. Supp. 2d at 624. The instant motion to strike is clearly attempting to do just that. By moving to strike from Moses Taylor's amended complaint all references to the settlement negotiations in the underlying case, Coverys is attempting to remove the factual basis for Moses Taylor's claims, effectively

invalidating each of them. A motion to strike under Rule 12(f) should not be used for such a dispositive purpose. *Id.*

## CONCLUSION

Because a motion to strike under Federal Rule of Civil Procedure 12(f) is not the proper vehicle to dispose of legally inoperative documents, the court will deny Coverys' motion to strike as it relates to the original state court complaint (Doc. 1-4) and Moses Taylor's old brief in opposition (Doc. 4). Furthermore, because Moses Taylor's settlement negotiation references in their amended complaint do not fall within the scope of Federal Rule of Evidence 408, the court will deny the motion as it relates to the amended complaint (Doc. 32) as well. An appropriate order will follow.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: August 7, 2024